UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSHUA RIDEOUT, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:07-CV-107 (JCH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Movant Joshua Rideout's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1), filed July 16, 2007. The Government filed its Response on November 12, 2007. (Doc. No. 11). Movant filed his Traverse on December 13, 2007. (Doc. No. 13).

## BACKGROUND

On May 22, 2006, the Government filed an information charging Movant with one count of Possession of Materials Involving the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2252A(a)(5)(B). (1:06-cr-83 (JCH) ("Criminal Case"), Information, Doc. No. 2). Movant consented to prosecution by information and waived his right to prosecution by indictment. (Criminal Case, Waiver, Doc. No. 1). Movant also pled guilty to the information. (Criminal Case, Plea Agreement, Doc. No. 6). On September 28, 2006, the Court sentenced him to a term of imprisonment of seventy-eight months and ten years of supervised release. (Criminal Case, Judgment, Doc. No. 19). Movant did not file an appeal.

As previously stated, Movant filed his § 2255 Motion on July 16, 2007. (Doc. No. 1). In his Motion, Movant alleges the following claims[1]:

1. He received ineffective assistance of counsel when his counsel:

   a. failed to challenge Knox's statement;

   b. forced him to plead guilty because his family could not afford a jury trial;

   c. failed to challenge the illegal search of his bedroom;

   d. improperly recommended that he waive the indictment, which caused him to receive a higher offense level;

   e. failed to challenge the state police's search of his computer because it violated the Department of Justice's guidelines for searching computer files;

   f. coerced him to plead guilty by suggesting that a 168 month sentence was possible and by failing to explain that if he went to trial he would only get a sixty month sentence; and

   g. coerced him to plead guilty to facts that enhanced his sentence.

2. The inclusion of supervised release in his sentence amounts to double jeopardy, in violation of the Fifth Amendment.

(Memo. in Supp., Doc. No. 7 at pp. 1-20).

**STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on

---

[1] For the sake of clarity, the Court has rearranged and reordered Movant's claims.

collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043

## DISCUSSION

### I. Ineffective Assistance of Counsel

#### A. Standard for Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

With these standards in mind, the Court will examine each of Movant's ineffective assistance of counsel claims.

### 1. Claim 1(a)

Movant first alleges that his counsel should have objected to the witness statement of Jessica Knox because the copy of it from the state case ("State Statement") did not match the copy of it from the federal case ("Federal Statement"). In the State Statement, the witness signature line and the report number line are left blank. (Memo. in Supp., Doc. No. 7 at Ex. N). In the Federal Statement, the witness signature line and the report number line are filled out. (Id. at Ex. O). Both statements, however, are written in the same handwriting, have identical content, and are signed by Jessica Knox. (Id. at Ex. N, O).

Upon consideration, this claim is without merit. Counsel had no reason to object to this evidence as inadmissible. There are no substantive inconsistencies between the two documents. Rather, administrative information was later added to the Federal Statement. Additionally, nothing in the record suggests that the Government could not authenticate this statement. See Fed. R. Evid. 901. As such, objecting to this evidence's admissibility would have be meritless, and counsel is not required to make meritless objections. Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1992). This claim is denied.

### 2. Claim 1(b)

Movant next alleges that counsel forced him to plead guilty because his family could not afford a jury trial. (Memo. in Supp. at p. 2). In response, the Government asserts that there is no support for this claim in the record.

Upon consideration, the Court agrees with the Government. The record shows that on March 28, 2006 counsel sent Movant a letter discussing the case. (Resp. at Ex. 1). The letter discussed not only the strengths and weaknesses of the case against him, but also outlined counsel's possible strategy if the case went to trial. (Id. at p. 4). It also explained the advantages of a plea bargain due to the "overwhelming" evidence against Movant. (Id. at pp. 1-6). In his Plea Agreement, Movant stated that he was "fully satisfied" with his representation. (Memo. in Supp. at Ex. J p. 16). At the Plea Hearing, Movant testified that he agreed with everything in the Plea Agreement, that no one coerced him to plead guilty, and that he had no complaints about his representation. (Criminal Case, Plea Hr'g Tr., Doc. No. 22 at pp. 7-8). Conversely, Movant cannot point to any evidence to contradict these statements, which are afforded a "strong presumption of verity." United States v. Green, 521 F.3d 929, 932 (8th Cir. 2008). Thus, Movant cannot show that counsel coerced him into pleading guilty, and this claim is denied.

### 3. Claim 1(c)

Movant alleges that he received ineffective assistance of counsel when his counsel failed to argue that there was no probable cause to search his bedroom. (Pet. at p. 5). The Government responds that he consented to the search. (Resp. at p. 22).

It is a well-settled constitutional principle that the police do not need probable cause to search a residence when they receive the resident's consent. United States v. Comstock, 521 F.3d 667, 675 (8th Cir. 2008); United States v. Lakoskey, 462 F.3d 965, 973 (8th Cir. 2006). In order for a

consensual search to be valid, the consent must be knowingly and voluntarily given. United States v. Sanders, 424 F.3d 768, 773 (8th Cir. 2005).

Here, the record show that Movant knowingly and voluntarily consented to the search of his apartment. Notably, he signed a "consent to search" form stating that he "voluntarily" consented to the search after being "informed" of his constitutional rights. (Traverse at Ex. A). At the Plea Hearing, Movant also admitted that he consented to the search. (Criminal Case, Plea Hr'g Tr. at p. 13). Based on this consent, it was objective reasonable for counsel to not challenge the search because such a challenge would have been meritless. See Thomas, 951 F.2d at 904. As such, this claim is denied.

### 4. Claim 1(d)

Movant alleges that he received ineffective assistance of counsel when his counsel let him plead guilty to an information instead of an indictment. (Memo. in Supp. at pp. 3-4). Specifically, Movant alleges that waiving the indictment caused him to receive a higher sentence because it allowed the Government to charge him for offenses beyond the scope of the possible indictment.

Upon consideration, this claim is without merit because pleading guilty to the information instead of an indictment had no effect on his sentence. Rather, his sentence length was based on the facts he voluntarily admitted to in his Plea Agreement. (Criminal Case, Plea Agreement at p. 12). Thus, counsel's decision to let him waive his right to an indictment does not violate Strickland because Movant cannot show any prejudice. This claim is denied.

### 5. Claim 1(e)

Movant alleges that he received ineffective assistance of counsel because his counsel did not investigate the state police's search of his computer adequately . (Memo. in Supp. at pp. 5-6). Upon consideration, this claim is without merit. Two months before Movant pled guilty, counsel sent him

a six page letter discussing the evidence against him and the strength of the Government's case. (Resp. at Ex. 1). The letter noted that although the Government could not prove forensically that Movant accessed the files, overwhelming circumstantial evidence showed that Movant knowingly possessed child pornography. (Id. at Ex. 1 pp. 4-5). This letter shows that counsel was aware of the deficiencies in the state police's search of his computer, but thought that these deficiencies would not effect the case's outcome. As such, counsel's decision to not base Movant's defense on this theory was a strategic decision, which is virtually unchallengeable where, as here, there is an adequate investigation. Link v. Luebbers, 469 F.3d 1197, 1204 (8th Cir. 2006). This claim is denied.

### 6. Claim 1(f)

In this claim, Movant alleges that counsel coerced him into pleading guilty by suggesting that a 168 month sentence was a possibility. He also alleges that counsel coerced him into pleading guilty by failing to explain that he would only get a sixty month sentence if he went to trial.

Upon consideration, this claim is without merit. It was objectively reasonable for counsel to explain to Movant that the Government would charge him with a more serious offense if he went to trial. (Resp. at Ex. 1). Moreover, it was reasonable to inform him that the more serious offense had a longer sentence. (Id.). Additionally, it was reasonable for counsel to advise him that pleading guilty was a better option because it allowed Movant to argue for a sentence of less than sixty months. (Id.). As such, this claim is denied.

### 7. Claim 1(g)

Here, Movant alleges that his counsel coerced him into pleading guilty to facts that enhanced his sentence. This claim, however, is not supported by the record. The Plea Agreement explicitly lists all of the sentence enhancements applicable to him. (Memo. in Supp. at Ex. J p. 8). At the Plea Hearing, he voluntarily admitted all the facts underlying these enhancements. (Criminal Case, Plea

Hr'g Tr. at pp. 8, 13-14). Aside from his conclusory allegation, Movant cannot point to any evidence that contradicts his testimony, which is afforded a "strong presumption of verity." Green, 521 F.3d at 932. Thus, this claim is denied.

## II. Double Jeopardy

In Claim Two, Movant alleges that his sentence of imprisonment followed by a period of supervised release violated the Double Jeopardy Clause of the Fifth Amendment. The Government responds that supervised release is not a multiple punishment.

The Double Jeopardy Clause protects a person from receiving "multiple punishments for the same offense." Schiro v. Farley, 510 U.S. 222, 229 (1994). Congress, however, has explicitly stated that a term of supervised release is "a part of the sentence." 18 U.S.C. § 3583(a). As such, Movant's supervised release does not violate the Double Jeopardy Clause because it is merely a potion of the single punishment he received. United States v. Walter, 223 Fed. Appx. 810, 812 (10th Cir. 2007); United States v. Amer, 110 F.3d 873, 884 (2d Cir. 1997); United States v. Soto-Olivas, 44 F.3d 788, 790 (9th Cir. 1995). This claim is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Joshua Rideout's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1) is **DENIED** and his claims are **DISMISSED**. A separate order of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 18th day of August, 2008.

                                                      /s/ Jean C. Hamilton
                                                      UNITED STATES DISTRICT JUDGE